UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12 CR 00453 JCH |
| | ) |
| HADDIE HUGHES, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM
AND OPPOSITION TO DEFENDANT'S REQUEST FOR A VARIANCE**

The Government respectfully requests that the Court sentence defendant Haddie ("Hughes") at the low end of the advisory guidelines range of 10 to 16 months suggested by the parties' plea agreement, award restitution payable to Medicare in the amount of $116,826, and partially deny defendant's request for a variance (Docket #28) for the following reasons.

**I.     The Nature, Circumstances, And Seriousness Of The Offense**

Defendant is neither a licensed podiatrist nor an enrolled provider in the Medicare program, the federal health care program primarily designed to provide care for persons over 65 years of age.  Pre-Sentence Report ("PSR"), ¶ 12.  Nevertheless, during 2010-11, defendant submitted $166,826 worth of office visit and foot surgery claims to the Medicare program under the name and provider of her father-in-law, C.H.  PSR, ¶ 12.  As early as 2006, C.H. had been diagnosed as legally blind and totally disabled.  The billings at issue in Counts 1-3 of the Indictment occurred while C.H. was hospitalized during 2010-11 and incapable of providing office services.

The Medicare program uses Current Procedural Terminology ("CPT") numerical codes for billing purposes. Enrolled providers use these codes to describe what services they provided to clients on the claim forms they submit to the Medicare program to receive reimbursement for their services. PSR, ¶14. Defendant frequently billed the Medicare program for office visits she allegedly provided under CPT code 99213. PSR, ¶¶ 13-14. The guidance from the CPT Code Book for CPT code 99213 specifically requires that "the physician" spend fifteen minutes "face-to-face with the patient and/or family" taking a history, conducting a problem-focused investigation, or making medical decisions before this code can be utilized to obtain reimbursement from Medicare. *See generally United States v. Singh*, 390 F.3d 168, 187 (2d Cir. 2004) (affirming health care fraud conviction of doctor who submitted claims under CPT Code 99213 while he was out of the office because this CPT code unambiguously required face-to-face contact between the doctor and the patient before Medicare could properly be billed).

Given the scope and repetitive nature of defendant's false statements, the criminal conduct cannot fairly be described as aberrant or isolated. *United States v. Beale*, 574 F.3d 512, 521 (8th Cir. 2009) (defining aberrant behavior as a single criminal occurrence or single criminal transaction that was committed without significant planning and had a limited duration, representing a marked deviation from an otherwise law-abiding life). Defendant had some prior complaints as a certified nursing technician, and was never a licensed podiatrist PSR, ¶¶ 60, 12. When interviewed about her Medicare billing, defendant initially told the agents that she could not explain what had happened before ultimately admitting her involvement. PSR, ¶ 18.

When considering the nature, circumstances, and seriousness of the offense, the nature of the victim – the Medicare program – is an important consideration. Certainly, defendant caused

the Medicare program, which has limited funding, financial loss. But defendant's false statements to Medicare further prevented the program from achieving important policy objectives for elderly patients, including ensuring that only licensed and qualified providers deliver services. *Fischer v. United States*, 529 U.S. 667, 681 (2000) (noting Medicare payments are made not simply to reimburse providers for treatment of qualifying patients, but also to make available and maintain a certain level and quality of medical care in the interest of the greater community).

In sum, defendant's crimes were serious, repetitive, and worthy of punishment. The sentence should also deter other Medicare providers from similar conduct.

II.     **The History And Characteristics Of The Defendant**

Defendant has reported unfortunate family circumstances and also had recent heart problems, and the Court should take these issues into account at sentencing. PSR, ¶¶ 42, 47. That being said, defendant is relatively young and has no minor children. She has never received any kind of mental health treatment. PSR, ¶¶ 48, 43. Defendant's current treatment regime appears to be just outpatient medication and office visits with her doctors. PSR, ¶¶ 47, 45.

III.    **Opposition to Defendant's Request for a Variance**

The plea agreement at p. 2 enabled the parties to file motions for upward or downward variances, and oppose any motion filed by the opposing party. Defendant has filed a request for a downward variance found at Docket #28 arguing for a probation and home confinement sentence. The Government has not filed a motion for an upward variance, but does partially oppose defendant's request in that it seeks a 100% departure from the guideline range of 10-16 months of imprisonment to no confinement. This is too great of a variance or departure. Any sentence imposed by the Court should more fairly balance defendant's history with the

seriousness of the offense, the need to promote respect for the law, and the importance of providing deterrence.  *United States v. Sethi*, --- F.3d ----, 2013 WL 68884 (8th Cir. 2013) (no error to deny variance motion in wire fraud case and impose guideline sentence); *United v. Slifka,* 405 Fed.Appx. 82 (8th Cir. 2010) ( in prescription medicine fraud case, no error to impose guideline sentence and deny downward variance motion of pharmacist that argued his history of employment, partial payment of restitution, acceptance of responsibility, and family obligations justified lower sentence).

### IV.     Relief Requested.

The Government respectfully requests that the Court sentence defendant at the low end of the suggested guidelines range of 10-16 months of imprisonment, award restitution of $116,826 payable to the Medicare program, partially deny defendant's request for a variance, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Richard G. Callahan
United States Attorney

By    /s/ Andrew J. Lay
ANDREW J. LAY  #39937 MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
Telephone: (314) 539-2200
Tele-fax: (314) 539-2777

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

      I hereby certify that on July 16, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

      counsel for defendant, AFPD Brocca Smith

      /s/ Andrew J. Lay